IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOREE JONES, #268 125, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-542-RAH-CSC |
| ) | [WO] |
| JEFFERSON S. DUNN, ALABAMA ) | |
| DEPARTMENT OF CORRECTIONS ) | |
| COMMISSIONER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Toree Jones ["Jones"], a state inmate confined at the Red Eagle Honor Farm proceeding *pro se*, files this 42 U.S.C. § 1983 action challenging the constitutionality of the classification process utilized by the Alabama Department of Corrections. Jones alleges male inmates are treated differently than female inmates with respect to their eligibility for minimum-community custody and work release. Doc. 1. Jones seeks "eligibility (equally to female inmates) for minimum-community custody classification, work release status, in order to achieve rehabilitative opportunities as well as the opportunity to obtain gainful employment thus relieving [the] financial burden on plaintiffs' family and the State." Doc. 1 at 7.

On January 11, 2021, Jones filed a motion requesting class action status under Rule 23, *Federal Rules of Civil Procedure*. In this motion, Jones requests class certification of this case on behalf of several inmates confined at Red Eagle who have filed civil actions with this court challenging the custody eligibility issue presented in this case and seeks to act as the class representative. Doc. 22. The court construes this document as a motion for class certification.

Upon consideration of the motion, the court finds the motion for class certification should be denied.

## I.  DISCUSSION

Jones is a *pro se* inmate unschooled in the law who seeks to represent the interests of several inmates currently incarcerated at Red Eagle who have challenged their lack of eligibility for certain custody classification assignments.  Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class."  Rule 23(a)(4), *Federal Rules of Civil Procedure*.  While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1654, he has no concomitant right to litigate the claims of other individuals.  Under the circumstances of this case, the undersigned finds that Jones cannot adequately protect the interests of those inmates at Red Eagle who are prospective class members and his motion for class certification is therefore due to be denied.  *See Johnson v. Brown*, 581 Fed. Appx. 777, 781 (11th Cir. 2014) ("[T]he district court did not abuse its discretion when it denied [the *pro se* inmate plaintiff's] motion for class certification. . . .  As a *pro se* litigant, [the plaintiff] cannot bring an action on behalf of his fellow . . . inmates.  *See Timson [v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)] (explaining that 28 U.S.C.  § 1654, the provision permitting parties to proceed *pro se*, provides 'a personal right that does not extend to the representation of the interests of others'); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a *pro se* inmate could not bring a petition for equitable relief on behalf of his fellow inmates)."); *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (holding "it is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a *pro se* litigant is not an adequate class representative.") (emphasis in original); *DeBrew v. Atwood*, 792 F.3d 118, 131–32 (D.C. Cir. 2015) (holding that

"[t]he district court did not abuse its discretion in concluding [*pro se* plaintiff] could not [fairly and adequately protect the interests of the class] because a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks omitted) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)) (holding a *pro se* plaintiff is not an adequate class representative "because the competence of a layman is clearly too limited to allow him to risk the rights of others."); *Morris v. Baldwin*, 2018 WL 4403307, at *2 (S.D. Ill. May 31, 2018), *Report and Recommendation adopted*, 2018 WL 3016498 (S.D. Ill. June 14, 2018) (finding "it would be inappropriate to certify the class while Plaintiff proceeds *pro-se*."). Furthermore, it is clear that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*; *see also Inmates, Washington County Jail v. England*, 516 F. Supp. 132 at 144 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981) (denying *pro se* plaintiffs' request to certify case as a class action because "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent granting the request for class certification).[1]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for class certification (Doc. 22) be DENIED.

2. This case be referred to the undersigned for further proceedings.

On or before **January 26, 2021**, the parties may file an objection to the Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the

---

[1] Plaintiff is advised that if warranted by further developments, the court may reconsider the motion for class certification.

Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of January 2021.

      /s/ Charles S. Coody
     CHARLES S. COODY
     UNITED STATES MAGISTRATE JUDGE