IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOREE JONES, ) | |
| AIS # 268125, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:20-CV-542-RAH |
| v. ) | |
| ) | |
| JOHN Q. HAMM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On July 21, 2023, the Magistrate Judge recommended that the Motion for Summary Judgment filed by the Defendants should be denied and that this case should be set for a jury trial. On August 4, 2023, the Defendants filed Objections (Doc. 67) to the Recommendation (Doc. 66) of the Magistrate Judge.

When a party objects to a magistrate judge's report and recommendation, the District Court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the District Court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not

object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

The Defendants first object to the Magistrate Judge's determination that "it is not otherwise clear on this record that the differences in inmate characteristics cited by Defendants means Jones and his female counterparts are not similarly situated." (Doc. 67 at 1 (quoting Doc. 66 at 14-15).) The Defendants assert that they have presented multiple reasons establishing that male and female inmates are not similarly situated, including their pathways to criminal behavior. (Doc. 67 at 2.) The Defendants cite *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994), and an unpublished opinion, *Smith v. Brown*, No. 1:12-CV-328-TWT (N.D. Ga. Oct. 1, 2013), for the proposition that male and female inmates are not similarly situated. The holding in *Klinger*, however, is not binding in this Circuit and other courts have declined to extend it. *See*, *e.g.*, *Sassman v. Brown*, 73 F. Supp. 3d 1241, 1249-50 (E.D. Cal. 2014) (distinguishing *Klinger* because it focused on the differences between prison structures and not on the prisoners themselves). The lower court's determination in *Smith* is likewise distinguishable and unpersuasive. The Defendants cite no binding authority in support of their position, nor do they otherwise show that the Magistrate Judge committed any legal or factual error. Accordingly, this objection is due to be overruled.

The Defendants also object to the Magistrate Judge's conclusion that "there

is little evidence . . . that the different treatment of male and female offenders furthers the [D]efendants' stated objectives or that those objectives are the driver of the challenged action." (Doc. 66 at 16). The Defendants contend that their policy "was developed in part because of the differences between male and female inmates in behavior, criminal motivation, and opportunity," and that they "outlined evidence that male inmates are far more likely to recidivate, attempt to escape, and commit violent acts when assigned to community custody or work release programs." (Doc. 67 at 3). The Defendants also assert that the classification "considers ADOC's valid penological interest in ensuring that their female offender population has classification policies that are gender-based and trauma-informed." (*Id.* at 4). This argument and evidence was presented to the Magistrate Judge and addressed in the Recommendation, and the Defendants' objection fails to show that the Magistrate Judge erred. Moreover, the Magistrate Judge explained that it is unclear on this record whether the Defendants' "blanket policy of exclusion . . . advances [their] stated objectives, or whether the discriminatory means employed are *substantially* related to the achievement of those objectives." (Doc. 66 at 18) (emphasis added). The Defendants do not even attempt to argue that the challenged policy is *substantially* related to the achievement of their stated objectives, which is required for the policy to survive intermediate scrutiny review. *See United States v. Virginia*, 518 U.S. 515, 523 (1996). Additionally, the Defendants fail to explain or provide

3

evidence as to why male offenders must be *categorically excluded from eligibility* for minimum-community status based on their purported differences from female offenders. Accordingly, this objection is due to be overruled.

The Defendants' third objection is substantially similar to their second objection. (*Compare* doc. 67 at 3, with *id.* at 4). In their third objection, they contend that their "additional classification regarding male homicide offenders serves an important governmental interest because it is a response to the higher recidivism rate, higher rate of violence, and higher escape rate displayed by male inmates in contrast with female inmates." (Doc. 67 at 4). This argument and evidence was presented to the Magistrate Judge and addressed in the Recommendation, and the Defendants' objection fails to show that the Magistrate Judge erred. Moreover, the Defendants fail to explain or provide evidence that the aforementioned data could not be taken into account in the initial review process or on a case-by-case basis, which undermines the contention that their proffered justifications are "exceedingly persuasive." Consequently, this objection is due to be overruled.

Finally, the Defendants complain that the Plaintiff offered no evidence besides his own opinion to rebut the Defendants' evidence. To clarify, the Defendants bore the initial burden to establish no genuine dispute of material fact, thereby entitling them to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Therefore, in moving for summary judgment, the Defendants bore the initial burden to establish that male

and female homicide offenders are not similarly situated, that their gender-based policy serves important governmental objectives, and that the policy is substantially related to achieving those objectives. The Court finds that the Defendants failed to meet their burden. Therefore, the Magistrate Judge's recommendation is due to be adopted, with modification that the Defendants failed to meet their initial summary judgment burden.

Upon this Court's independent review of the record and consideration of the the Objections and Recommendation, it is ORDERED as follows:

1. The Objections (Doc. 67) are OVERRULED.

2. The Recommendation (Doc. 66) is ADOPTED, as modified above.

3. The Motion for Summary Judgment (Doc. 19) is DENIED.

4. This case will be set for a jury trial on Plaintiff's equal protection claim against Defendants.

DONE, on this the 29th day of September 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE